UNITED STATES of America

v.

Wayne TEEL, Defendant.

No. CRIM.A. 02–00761.

United States District Court,
E.D. Pennsylvania.

Dec. 19, 2003.

Lesley B. Fitzgerald, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiffs.

L. Felipe Restrepo, Esquire, Krasner & Restrepo, Philadelphia, PA, for Defendants.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On June 11, 2003, defendant Wayne Teel pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). The government and defendant agree that the sentencing range in this case is 151 to 188 months' imprisonment.[1] Defendant

---

1. As set forth in the Presentence Investigation Report ("PSI"), the three counts provide for a combined adjusted offense level of 22, but because Mr. Teel is a career offender within the meaning of § 4B1.1, the base offense level adjusted for acceptance of responsibility is 29. *See* PSI at 4–6. Mr. Teel has a criminal history category of VI due to 17 prior adult convictions.

requests a downward departure from that range pursuant to Sections 5K2.0 and 5K2.13 of the U.S. Sentencing Guidelines. Section 5K2.13 authorizes courts to use their discretion in departing from the guideline range for certain mentally-impaired defendants:

A sentence below the applicable guideline range may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity.[2] However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

U.S.S.G. § 5K2.13, Policy Statement (amended effective Nov. 1, 1998).

Defendant suffers from Major Depressive Disorder and Borderline Personality Disorder with impulse control problems. *See* Report of Jeffery E. Summerton, Ph.D. at 9–10. Before considering whether Mr. Teel has a significantly reduced mental capacity as a result of these disorders, the court must decide whether any of prerequisites listed in Section 5K2.13 preclude him from even seeking a departure on these grounds.

█ Mr. Teel meets one of the prerequisites for seeking a departure in that his offense conduct did not involve a serious threat of violence. Teel did not carry a weapon, or say that he was carrying one, during any of the three robberies and did not use any physical force. Although his instructions to the bank tellers may have put them in reasonable fear of bodily harm, he never actually threatened to use violence. *See* PSI ¶¶ 9, 11, 15, 17, 25 (reporting that after Teel committed the first robbery, the teller to whom he had given his demand note sought counseling for anxiety; that Teel instructed another teller to not sound alarms and to hurry; and that his note to a third teller read, "This is a robbery! No dye packs stacks of 20's & 50's in bag" and he later told her, "sister, this is no joke."). *Compare United States v. Askari*, 140 F.3d 536 (3d Cir. 1998), *vacated*, 159 F.3d 774 (3d Cir.1998) (remanding to district court to determine whether defendant committed a non-violent offense under the revised form of the Guideline in robbing a bank with his hand under his shirt and saying "you have three seconds to give me the money"); *United States v. Bradshaw*, Cr. A No. 96–CR–485–1, 1999 WL 1129601, at *3 (N.D.Ill. 1999) (finding no serious threat of violence where defendant did not indicate that he had a weapon and did not verbally or physically threaten to harm anyone); *with United States v. Washington*, 123 F.Supp.2d 291, 293 (E.D.Pa.2000) (finding that offense was not non-violent where defendant put a label-making gun covered with dark material to teller's head, threatened to "take you all out," then held teller's collar while walking her with the fake gun pressed to her neck). Although Teel satisfies this condition, he is not eligible to seek a departure because he fails two other prerequisites of Section 5K2.13.

---

**2.** A significantly reduced mental capacity is "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13, app. note 1.

To be eligible to seek a departure under this Section, a defendant's reduced mental capacity must not have been caused by the voluntary use of drugs. Defendant admits abusing cocaine off and on for approximately 18 years and crack cocaine for about three years. *See* Summerton Report at 3–4; PSI ¶¶ 106–09. Teel also admits that he was under the influence of "crack" cocaine during at least two of the three robberies for which he is being sentenced. *See* Summerton Report at 4. The court finds that this admission makes it very likely that voluntary drug use during the offense conduct affected his behavior, as opposed his depression, borderline personality disorder, or impulse control problems. In addition to the voluntary use of drugs, Mr. Teel's substantial criminal history indicates that there is a need for incarceration in order to protect the public, making him ineligible to seek a departure under 5K2.13(3). Although defendant faces a lengthy term of imprisonment even with a significant departure, he does not convince the court that a sentence below the Guideline range will necessarily protect the public, given the number of prior convictions, some for violent crimes.

Even if Mr. Teel is eligible to seek a departure 5K2.13, the court finds that he does not qualify for a departure because his ability to understand the wrongfulness of his offense conduct or to control his behavior while doing so is not significantly impaired. *See* U.S.S.G. § 5K2.13, app. note 1 (defining "significantly reduced mental capacity" for purposes of departure eligibility). While Dr. Summerton concludes that Mr. Teel's Borderline Personality Disorder makes him more impulsive, this diagnosis does not qualify as a significant volitional impairment, where a person knows his behavior is wrong but is unable to control it. *See id.; see also United States v. McBroom*, 124 F.3d 533, 547–48 (3d Cir.1997) (discussing volitional impairments). Defendant's drug addiction, combined with his depression and related mental impairments, may have made it more likely that he would have made the unfortunate decision to rob a bank in order to get money to buy drugs, but defendant has not proved to the court that his mental impairments actually made him unable to control impulses to rob three separate banks over the period of two weeks. Mr. Teel has had a difficult life and the court accepts Dr. Summerton's diagnosis and the fact that these psychological conditions have compounded defendant's difficulties, but the level of his mental impairment does not rise to the level of a significantly reduced mental capacity under Section 5K2.13.

Defendant also argues that there is a combination of factors that, in total, may warrant a departure under Section 5K2.0, which provides in part:

The sentencing court may depart from the applicable guideline range if (A) in the case of offenses other than child crimes and sexual offenses, the court finds pursuant to 18 U.S.C. § 3553(b)(1), that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described .... A departure may be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence.

USSG § 5K2.0 (changes effective Oct. 27, 2003).

The court declines to depart under Section 5K2.0 on grounds that there a combination of factors that place Mr.

Teel's case outside of the heartland. Defendant cites as two of these factors, his mental illnesses and his extraordinary acceptance of responsibility in that once confronted by law enforcement, he admitted to all criminal conduct before being charged and tried to cooperate on unrelated matters. Although the court applauds Mr. Teel for his cooperation and acceptance of responsibility and accepts his medical diagnosis, this is not an unusual case and does not present circumstances unanticipated by the Sentencing Commission.

While the court will not depart from the Guidelines, it recommends that Mr. Teel receive any appropriate mental health and substance abuse treatment that is available in the facility where the Bureau of Prisons places him. A copy of this Memorandum shall be forwarded to the Bureau of Prisons.

An appropriate Order follows.

## ORDER

AND NOW, this 19th day of December, 2003, it is hereby ORDERED that defendant's request for a downward departure under U.S. Sentencing Guidelines Sections 5K2.0 and 5K2.13 is DENIED.